**VIRGIN ISLAND CLASS PLAINTIFFS,**
Appellants,

v.

**Tom VILSACK, Secretary of the United States Department of Agriculture.**

No. 08–4256.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on Dec. 4, 2009.

Opinion Filed: Jan. 27, 2010.

Douglas A. Brady, Esq., Jacobs & Brady, Fernando F. Chavez, Esq., Sayre & Chavez, St. Croix, VI, Federico C. Sayre, Esq. Law Offices of Dana Douglas, Santa Ana, CA, Lee A. Wood, Esq., Costa Mesa, CA, for Appellants.

Before: McKEE, FUENTES, and NYGAARD Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge:

Plaintiffs appeal the District Court's grant of Defendant's motion for summary judgment on their claims under the Equal Credit Opportunity Act ("ECOA"), the Fair Housing Act ("FHA"), and the Ad-

ministrative Procedures Act ("APA"). For the following reasons, we will affirm the judgment of the District Court.[1]

## I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.[2] Plaintiffs filed this class action on January 10, 2000, alleging national origin discrimination in the United States Department of Agriculture's administration of two rural housing loan programs. The class definition, as modified by this Court in a prior decision, includes:

> All Virgin Islanders who applied or attempted to apply for, and/or received, housing credit, services, home ownership, assistance, training, and/or educational opportunities from the USDA through its Rural Development offices (and predecessor designations) located in the U.S. Virgin Islands at any time between January 1, 1981 and January 10, 2000.

*Chiang v. Veneman*, 385 F.3d 256, 274 (3d Cir.2004). Plaintiffs' First Amended Complaint included six counts. Count I alleged discrimination prior to the distribution of loan applications. Count II alleged discrimination between distribution of the applications and the funding of loans. Count III alleged discrimination at or subsequent to the funding of loans. Counts IV and V included claims of discrimination under the FHA and the APA respectively. Finally, Count VI alleged a violation of the Equal Protection Clause. However, this final count was effectively withdrawn by Plaintiffs when they failed to amend it to provide a more definite statement of their claim, as required by the District Court. On August 20, 2008, 2008 WL 3925260, the District Court granted Defendant summary judgment on all of the Plaintiffs' claims.

## II.

Plaintiffs raise five issues on appeal. First, they contend that the District Court erred in considering their ECOA "pattern or practice" discrimination claim as three separate claims. Second, they assert that the court erred in finding their claims were barred by the statute of limitations. Third, they challenge various elements of the court's analysis of their discrimination claims. Fourth, they argue that the court erred in denying their Rule 56(f) motion to withhold a decision on summary judgment pending additional discovery. Fifth, they claim the court erred by dismissing the entire action when the Plaintiffs' individual claims were not at issue.[3]

Substantially for the reasons set forth in the District Court's thorough and well-reasoned Memorandum and Order of August 20, 2008, this Court will affirm the District Court's order granting summary judgment in favor of Defendant.

We briefly comment on one issue raised in the briefs. Contrary to Plaintiffs' assertion that it is "the trial standard of proof," the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), was appropriately applied by

---

1. The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2. A more detailed discussion of the factual background in this case can be found in our prior decision on an interlocutory appeal challenging the grant of class certification, *Chiang v. Veneman*, 385 F.3d 256 (3d Cir. 2004).

3. We exercise plenary review over a district court's summary judgment ruling. *Township of Piscataway v. Duke Energy*, 488 F.3d 203, 208 (3d Cir.2007).

254

the District Court in the context of summary judgment. As we have declared: "Under [the *McDonnell Douglas*] analysis, the employee must first establish a prima facie case. If the employee is able to present such a case, then the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for its adverse employment decision. If the employer is able to do so, the burden shifts back to the employee, who, *to defeat a motion for summary judgment,* must show that the employer's articulated reason was a pretext for intentional discrimination." *Doe v. C.A.R.S. Protection Plus, Inc.,* 527 F.3d 358, 364 (3d Cir.2008) (emphasis added).

We have considered the Plaintiffs' other arguments on appeal and find them to be without merit. For the foregoing reasons, we will affirm the District Court.